IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| Choice Hotels International, Inc., * | |
| Plaintiff * | |
| v. * | CASE NO. 22cv3092-PX |
| Thakorji, Inc., et al., * | |
| Defendants. * | |

## OPINION AND ORDER

This case concerns the alleged failure of the Defendants Thakorji, Inc., Dhansukh Patel, Urmila Patel, Naresh Patel and Amit Patel to comply with the terms of a Franchise Agreement requiring them to pay certain amounts within a set period of time. On April 24, 2023, the Court entered an Order of Confessed Judgment against the Defendants, finding all of the requirements for a confessed judgment to be satisfied. ECF No. 4. Pending before the Court are Defendants' Motion to Vacate Judgment by Confession and Enforce Arbitration, ECF No. 10, and Plaintiff's Motion to Stay the Court's Decision on Defendants' Motion, ECF No. 18. On October 13, 2023, the Court held a hearing on both Motions. For the reasons discussed below, Defendants' Motion shall be granted, in part, and denied, in part, and Plaintiff's Motion shall be denied.

Local Rule 108.1(e) governs a motion to vacate a confessed judgment. It states:

> If the evidence presented establishes that there are substantial and sufficient grounds for an actual controversy as to the merits of the case, the Court shall order the judgment by confession vacated, opened, or modified, with leave to the defendant to file a pleading, and the case shall stand for trial. If the evidence does not establish that there are substantial and sufficient grounds for actual controversy as to the merits of the case, the judgment shall stand to the same extent as a final judgment.

Loc. R. 108.1(e) (D. Md. 2023).  The issue is whether the motion "rais[es] a genuine issue of material fact sufficient to constitute a meritorious defense to the confessed judgment."  *Signet Bank/Md. v. Wellington*, 968 F.2d 1212, 1992 WL 157429, at *1 (4th Cir. July 9, 1992) (per curiam) (unpublished table decision); *Steamship Trade Ass'n of Balt., Inc. v. Peters*, No. WDQ 09-109, 2009 WL 2924810, at *2 (D. Md. Sept. 9, 2009) (quoting *Signet Bank*, 1992 WL 157429, at *1).  "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party," or, in this case, the defendant.  *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).  However, "[t]he 'mere assertion of a defense is insufficient to satisfy the burden of proof necessary to vacate a confessed judgment.'"  *Steamship*, 2009 WL 2924810, at *2 (quoting *Atl. Leasing & Fin., Inc. v. IPM Tech., Inc.*, 885 F.2d 188, 194 (4th Cir. 1989)).

The Rules of Procedure governing confessed judgments in Maryland state courts "are analogous to this Court's procedures with respect to confessed judgments."  *Sager v. Hous. Comm'n*, 855 F. Supp. 2d 524, 553 n.37 (D. Md. 2012).  Importantly,

> "[J]udgments by confession are not favored in Maryland, because Maryland courts have long recognized that the practice of including in a promissory note a provision authorizing confession of judgment lends itself far too readily to fraud and abuse."  Therefore, the Maryland Court of Appeals "has made clear that judgments by confession are to be 'freely stricken out on motion to let in defenses.'"  The disfavored status of confessed judgments is also made plain by the many provisions of Maryland law . . . that prohibit the use of confessed judgment clauses in a wide variety of contractual contexts.

*Id.* at 554 (internal citations omitted) (first quoting *Gambo v. Bank of Md.*, 648 A.2d 1105, 1114 (Md. Ct. Spec. App. 1994); and then quoting *Schlossberg v. Citizens Bank of Md.*, 672 A.2d 625, 627 (Md. 1996)).

2

Defendants have moved to vacate the confessed judgment on the grounds that the Franchise Agreement requires the arbitration of "any controversy or claim arising out of or relating to th[e] Agreement or any other related agreements, or the breach of th[e] Agreement or any other related agreements."[1] ECF No. 10-2, at 8 (quoting ECF No. 1-1, at 22). While Plaintiff acknowledges this clause, it disputes Defendants' Motion on the grounds that: 1) no similar language is included in the Incentive Note which allows Plaintiff to seek a confessed judgment; and 2) "[t]here have been instances in the past that an arbitrator found they did not have jurisdiction to enforce an incentive note with the same language." ECF No. 18, at 2. Plaintiff's Motion fails to provide any caselaw or examples in support of its respective arguments. During the hearing on the pending Motions, the Court directly requested Plaintiff provide support for its second argument. Plaintiff was unable to present any support.

Defendant has satisfied the standard to vacate the judgment. This Court has previously found that a credible claim of arbitrability is sufficient grounds to vacate an arbitration award. *See Choice Hotels Int'l, Inc. v. TK Hosp. Grp., LLC*, No. GJH-18-3364, 2019 WL 6324523, at *3 (D. Md. Nov. 26, 2019). Although Plaintiff contests whether the Franchise Agreement and the Incentive Note required it to arbitrate any disputes, its arguments do not merit a ruling in its favor. As this Court has recognized, the standard required to vacate a confessed judgment is a liberal one, "requir[ing] only a minimal showing of evidence." *Signet Bank*, 1992 WL 157429, at *1; *see also Gambo*, 648 A.2d at 1114 ("In connection with a motion to vacate, the moving party has the burden of presenting evidence sufficient to support the purported defense."). Even if Plaintiff interprets the Agreement and Note differently, Defendants need only establish a material dispute to merit

---

[1] Additionally, Defendant Dhansukh Patel's affidavit states that he provided payments to Plaintiff's counsel in Alabama, but the counsel failed to process the payments. ECF No. 10-4, at 3.

3

vacation of the judgment.  As Plaintiff acknowledges, "it is in dispute whether [the American Arbitration Association] has jurisdiction over said note." ECF No. 18, at 2.  The language of the arbitration clause reinforces this conclusion, referencing not only the Agreement, but "any other related agreements," as well.  ECF No. 1-1, at 22.  This Court has previously found that where a Franchise Agreement which includes an arbitration clause references an Incentive Note, as is the situation in this case, vacation of a confessed judgment is appropriate. *Choice Hotels*, 2019 WL 6324523, at *3.  Finally, to the extent that Plaintiff fears that the arbitrator will ultimately deny jurisdiction, Plaintiff's argument is undercut by its failure to cite any authority or provide any evidence in support of its assertion, despite requests from the Court in advance of and during the hearing on the matter.  Additionally, if the arbitrator determines that it does not have jurisdiction, Plaintiff may return and seek reinstatement of the judgment.

Although the Court will grant Defendants' Motion to Vacate Judgment, it will deny Defendants' Motion to the extent it requests dismissal of the Complaint.  Defendants' filing is framed in terms of a request for vacation of the judgment; however, Defendants listed dismissal of the Complaint as one of multiple types of relief requested.  ECF No. 10-2, at 13.  As a result, neither party has briefed or argued the issue.  Although the Court need not address arguments raised in passing, *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017), it will address the argument briefly out of an abundance of caution.  The parties do not dispute that the Franchise Agreement and Incentive Note contain conflicting language.  Which provision will prevail will turn on the parties' intent at the time the Agreement and Note were signed and is best determined after discovery.  *See DoveView, LLC v. SunTrust Bank*, Nos. L-09-12, L-09-324, 2009 WL 2032140, at *1 (D. Md. July 10, 2009) ("Because the loan documents are ambiguous and internally inconsistent, discovery is necessary to determine the parties' intent.").  Likewise,

4

although the authority Defendants cite supports vacation of the judgment, it does not support dismissal of the Complaint. *See Choice Hotels*, 2019 WL 6324523, at *4 ("[A]lthough Defendants urge the Court to dismiss the Complaint, the Court instead will stay this case pending arbitration.").

Finally, Defendants' request that the Court compel the parties to engage in arbitration is moot, as Plaintiff has represented that it has agreed to submit the matter to arbitration. Accordingly, Defendants' request to compel arbitration is denied, without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Vacate Judgment by Confession and Enforce Arbitration is granted, in part, and denied, in part. Plaintiff's Motion to Stay the Court's Decision on Defendants' Motion shall be denied. The parties shall file a Joint Status Report within fourteen days of any arbitrator's decision regarding the matter.

So ordered.

Date: November 28, 2023                     /s/
                                             Ajmel A. Quereshi
                                             U.S. Magistrate Judge